■ KLAUS G. MANGOLD, Appellant, v ELJAM HOLDING CO. et al., Respondents, et al., Defendants.—Appeals from order, Supreme Court, New York County, entered March 11, 1980, and judgment entered thereon April 21, 1980, dismissed as academic, without costs. Order, same court and Justice, entered June 20, 1980, granting plaintiff-appellant's motion for reargument but adhering to the original decision, reversed, on the law, defendants-respondents' motion for summary judgment dismissing the complaint denied, and the complaint reinstated, with costs and disbursements. In this action to foreclose a mortgage on real estate commenced by him on December 15, 1977, plaintiff-appellant claims to be the owner and holder of the mortgage, even though assigned by him to one Moskowitz eight days theretofore. The answer interposed by defendants-respondents denies knowledge or information sufficient to form a belief as to plaintiff's claim of ownership. Simultaneously with that answer, defendants as holders of a second mortgage on the same property, instituted their own foreclosure proceeding. Summary judgment was granted plaintiff on May 11, 1978, and the matter sent to a referee to compute; defendant Eljam was awarded judgment of foreclosure on its second mortgage the following November 10, and purchased the property subject to plaintiff's first mortgage. At the computation hearing concerning the first mortgage, a stipulation was entered into between plaintiff and Eljam: Eljam would pay $238,666.65 to plaintiff for principal and interest, for which plaintiff would deliver the bond and first mortgage to Eljam; Eljam would place an additional $56,000 in escrow until the referee's determination as to how much was due plaintiff for additional expense in preserving and protecting the mortgage property, plaintiff reserving all other rights to reimbursement despite the transfer to Eljam. Subsequently, defendants learned of the assignment to Moskowitz and, instead of delivering the agreed upon checks to plaintiff, gave them to Moskowitz, procuring an assignment in turn. Eljam, on the ground that plaintiff, having assigned the mortgage before instituting foreclosure, lacked standing to sue, moved for summary judgment dismissing the complaint. The motion was countered by an affidavit of Moskowitz' attorney, who swore that the assignment was "conditional" only, and delivered to him in escrow, that it never left his hands and was never recorded, and, indeed, that plaintiff was Moskowitz' nominee to commence the foreclosure proceeding. Thus, there are unresolved issues of fact relevant to the very core of the motion, and summary judgment should not have been granted. Concur—Birns, J. P., Fein, Sullivan, Markewich and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DOUGLAS JONES, Appellant.—Judgment, Supreme Court, New York County, rendered on April 9, 1979, unanimously affirmed. Application by appellant's counsel to withdraw as counsel is granted. (See *Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no meritorious points which could be raised on this appeal. Concur—Kupferman, J. P., Ross, Markewich, Bloom and Carro, JJ.