■ BARCLAY's BANK OF NEW YORK, N. A., Respondent, v SMITTY's RANCH, INC., et al., Appellants, et al., Defendants.— Weiss, J. Appeal from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered July 5, 1985 in Ulster County, which, *inter alia,* denied a motion by defendants Smitty's Ranch, Inc., William Smith and Ruby E. Smith to dismiss the complaint against them and granted plaintiff's cross motion for summary judgment against said defendants.

On July 17, 1983, in order to secure a loan in the sum of $35,000, defendant Smitty's Ranch, Inc., executed and delivered an instrument purporting to be a bond and mortgage upon land owned by Smitty's Ranch in favor of Banker's Trust of Hudson Valley, N. A. (Banker's Trust). The mortgage, which provided for acceleration in the event of default, required the mortgagor (Smitty's Ranch) to pay, in addition to principal and interest payments, all taxes, assessments or water rates, and in default thereof, the mortgagee (Banker's Trust) could pay the same. Effective November 1, 1982, the United States Comptroller of Currency approved the merger of Barclay's Bank of New York into Banker's Trust and authorized operation under the name of Barclay's Bank of New York, N. A., plaintiff herein. It appears that Smitty's Ranch was dissolved by proclamation of the Secretary of State dated December 10, 1982 and that defendants William Smith[*] and Ruby E. Smith were the sole stockholders, officers and directors of Smitty's Ranch. On January 25, 1985, this action

[*] It appears that defendant William Smith's name is actually Wilbur Smith.

was commenced to foreclose the mortgage which plaintiff had accelerated due to default in payment of the 1983 and 1984 taxes. In their answer, Smitty's Ranch and the Smiths (hereinafter defendants) asserted the affirmative defenses that they had never executed the bond and mortgage, that the description of the mortgaged premises was erroneous and the subject of pending litigation, and that the amount demanded was excessive. Defendants moved for summary judgment dismissing the complaint against them and plaintiff cross-moved to dismiss the answer and for summary judgment. Special Term denied defendants' motion and granted plaintiff's cross motion. This appeal followed.

Defendants' argument that plaintiff lacks standing because no assignment of the mortgage by Banker's Trust to plaintiff is in the record is meritless. Banking Law § 602, which governs the effect of a merger, provides that the receiving corporation, plaintiff in the present case, is considered to be the same entity as both merged corporations, is vested with all of the rights and powers of the merged corporations, and is considered to have been named in any document taking effect before the merger. In addition, no formal assignment is required to effect a transfer of assets of a merged corporation to the receiving corporation (see, McElwain Co. v Primavera, 180 App Div 288; Bank of Long Is. v Young, 101 App Div 88).

Defendants next contend that plaintiff failed to present sufficient evidentiary facts to support summary judgment, principally because the affidavit in support of plaintiff's cross motion was by an officer of plaintiff and was not alleged to be based upon personal knowledge (see, CPLR 3212 [b]). However, plaintiff relied upon documentary evidence to prove the following: existence of the bond and mortgage; the requirement that taxes be paid by Smitty's Ranch, the borrower; the default in payment; that plaintiff paid the taxes; and plaintiff's standing by virtue of the bank merger. Defendants failed to refute any of this proof, relying instead upon the allegation that plaintiff's affidavit was not made upon personal knowledge. We find this argument unpersuasive. An affidavit based upon documentary evidence is sufficient to support a motion for summary judgment (Leandre v Sharperson, 96 AD2d 883). The sole unresolved issue was the amount of the judgment, which may be determined by a Referee (3 Harvey, Law of Real Property and Title Closing § 885, at 211; see, Mangold v Eljam Holding Co., 79 AD2d 586, appeal dismissed 53 NY2d 839).

Defendants' final argument is that plaintiff has either waived or is estopped from exercising its right to accelerate

the mortgage for nonpayment of taxes because of past forbearances. While this argument is precluded by defendants' failure to have raised the issue at Special Term *(see, Arnold v New City Condominiums Corp.,* 88 AD2d 578), we would reject the contention were we to consider it in the interest of justice. Any waiver of previous noncompliance was rescinded once plaintiff asserted that compliance was required *(see, Hudson City Sav. Inst. v Burton,* 88 AD2d 728, 729). The record shows that plaintiff notified defendants on at least three occasions that nonpayment of taxes would result in foreclosure, and yet defendants failed to comply. Accordingly, plaintiff was entitled to a judgment of foreclosure *(see, Jamaica Sav. Bank v Cohan,* 36 AD2d 743).

Defendants' remaining arguments are without merit and do not require discussion.

Order affirmed, with costs. Main, Casey, Weiss and Mikoll, JJ., concur; Kane, J. P., not taking part.