Felix A. Ladino, Respondent, v Bank of America, Appellant. [861 NYS2d 683]—

In an action, inter alia, to recover damages for violation of the Fair Credit Reporting Act (15 USC § 1681 *et seq.*) and General Business Law § 349, and fraud, the defendant appeals from (1) an order of the Supreme Court, Queens County (Grays, J.), dated January 10, 2007, which denied, with leave to renew, its motion for summary judgment dismissing the complaint, and (2) an order of the same court dated October 5, 2007, which denied its renewed motion for summary judgment dismissing the complaint.

Ordered that the order dated January 10, 2007 is reversed, on the law, and the defendant's motion for summary judgment dismissing the complaint is granted; and it is further,

Ordered that the appeal from the order dated October 5, 2007 is dismissed as academic in light of our determination on the appeal from the order dated January 10, 2007; and it is further,

Ordered that one bill of costs is awarded to the defendant.

On February 22, 2003 Fleet Bank (hereinafter Fleet) allegedly loaned the sum of $7,500 to the plaintiff Felix A. Ladino. According to Fleet's records, a portion of the loan proceeds was applied to pay off the plaintiff's existing credit card debt, and the balance of the loan was paid directly to him. Although the

portion of the loan paid directly to the plaintiff was repaid on or about March 4, 2003, just days after the loan was issued, the portion of the loan which had been applied to pay off the credit card debt remains outstanding. The plaintiff denies that he borrowed the sum of $7,500 from Fleet in February 2003 and alleges, in essence, that he is the victim of an identity theft negligently facilitated by Fleet. While the plaintiff admits that he applied for and obtained a $15,000 loan from Fleet in February 2003 he claims that he returned the loan check to Fleet two days later because he was disappointed with the net amount of the check.

On June 13, 2005 Fleet merged with the defendant Bank of America. Shortly after the merger, the defendant demanded payment of the outstanding balance due on the $7,500 loan. When the plaintiff failed to pay the balance of the loan, the defendant reported his default to various credit reporting agencies. The plaintiff claims that he did not discover that a $7,500 loan had been made in his name and was past due until it appeared on a credit report. The plaintiff subsequently commenced this action against the defendant seeking damages for injury to his credit rating and reputation on theories, inter alia, that the defendant violated the Fair Credit Reporting Act (15 USC § 1681 et seq.) (hereinafter FCRA) by negligently disseminating false credit information about him, and that the issuance of a loan to an unknown person in his name constituted a deceptive business act or practice in violation of General Business Law § 349. The complaint also seeks to recover damages for fraud and, in essence, for negligence.

The defendant moved for summary judgment dismissing the complaint relying upon documentary evidence that its predecessor Fleet had loaned the sum of $7,500 to the plaintiff in February 2003 and that an outstanding balance remained due which was properly reported to credit agencies. The Supreme Court denied the motion, with leave to renew, concluding, in effect, that the defendant had failed to make a prima facie showing of its entitlement to summary judgment because it had not submitted proof that the loan issued by Fleet had been assigned to it.

The court erred in denying the defendant's motion for summary judgment based upon its failure to produce an assignment of the subject loan agreement. Banking Law § 602, which governs the effect of a merger, provides that the receiving bank "shall be considered the same business and corporate entity" as the bank merged into it, and that all of the property, rights, and powers of the merged bank shall vest in the receiving bank. Thus, "no formal assignment is required to effect a transfer of

assets of a merged corporation to the receiving corporation" (*Barclay's Bank of N.Y. v Smitty's Ranch,* 122 AD2d 323, 324 [1986]). In view of the undisputed evidence of the merger between Fleet and the defendant, the defendant was not required to submit proof that the subject loan was assigned in order to establish its entitlement to summary judgment.

Furthermore, the court should have granted the defendant's motion for summary judgment dismissing the complaint in its entirety. The plaintiff's complaint seeks damages, inter alia, for violation of FCRA, which was enacted "to require that consumer reporting agencies adopt reasonable procedures for meeting the needs of commerce for consumer credit . . . in a manner which is fair and equitable to the consumer" (15 USC 1681 [b]). FCRA places distinct obligations on three types of entities: consumer reporting agencies, users of consumer reports, and furnishers of such information to consumer reporting agencies (*see* 15 USC 1681 *et seq.; Redhead v Winston & Winston, P.C.,* 2002 WL 31106934, 2002 US Dist LEXIS 17780 [SD NY 2002]). As a "furnisher of information" under FCRA, the defendant has a duty to provide accurate information to credit reporting agencies, and is prohibited from reporting information if it has actual knowledge, or consciously avoids knowing, that the information is inaccurate (*see* 15 USC 1681s-2 [a]; *Fashakin v Nextel Communications,* 2006 WL 1875341, 2006 US Dist LEXIS 45807 [ED NY 2006]; *Redhead v Winston & Winston, P.C.,* 2002 WL 31106934, 2002 US Dist LEXIS 17780 [SD NY 2002]). However, there is no private right of action under 15 USC § 1681s-2 (a) because FCRA limits the enforcement of this subsection to government agencies and officials (*see Fashakin v Nextel Communications,* 2006 WL 1875341, 2006 US Dist LEXIS 45807 [ED NY 2006]; *Caltabiano v BSB Bank & Trust Co.,* 387 F Supp 2d 135, 140 [ED NY 2005]; *Trikas v Universal Card Servs. Corp.,* 351 F Supp 2d 37, 44 [ED NY 2005]; *Redhead v Winston & Winston, P.C.,* 2002 WL 31106934, 2002 US Dist LEXIS 17780 [SD NY 2002]). Thus, to the extent that the plaintiff's FCRA claim is based upon allegations that the defendant disseminated false credit information about him, it should have been dismissed because a consumer has no private right of action against a furnisher of information who provides inaccurate information to credit reporting agencies in violation of 15 USC § 1681s-2 (a). Although consumers do have a private right of action under 15 USC § 1681s-2 (b), which imposes a duty upon furnishers to investigate disputed information once notified of the dispute by the credit reporting agency (*see Redhead v Winston & Winston, P.C.,* 2002 WL 31106934, 2002 US Dist LEXIS 17780 [SD NY 2002]; *Akalwadi v Risk Mgt. Alternatives,*

*Inc.*, 336 F Supp 2d 492, 509-510 [ND Md 2004]; *Gordon v Greenpoint Credit,* 266 F Supp 2d 1007 [SD Iowa 2003]), here the plaintiff admitted in his interrogatory responses that he never notified any credit reporting agency that he was disputing the accuracy of information provided by the defendant. Thus, the plaintiff's FCRA claim must also be dismissed to the extent that it is based upon allegations that the defendant failed to properly investigate his dispute.

The court also should have dismissed the plaintiff's cause of action to recover damages for violation of General Business Law § 349. In order to establish a prima facie violation of General Business Law § 349, a plaintiff must demonstrate that a defendant is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, and that the plaintiff has been injured because of it (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]; *Shovak v Long Is. Commercial Bank,* 50 AD3d 1118 [2008]; *Weiss v Polymer Plastics Corp.,* 21 AD3d 1095 [2005]). Here, however, the plaintiff's General Business Law § 349 claim alleges only that the defendant's predecessor, Fleet, engaged in a "deceptive practice" by "issuing a loan to a third party without knowledge of the Plaintiff." Although Fleet's alleged conduct may have been negligent, it did not mislead the plaintiff in any material way and did not constitute a "deceptive act" within the meaning of the statute (*see Varela v Investors Ins. Holding Corp.,* 81 NY2d 958 [1993]). In addition, the plaintiff's cause of action alleging fraud should have been dismissed because it failed to comply with the pleading requirements of CPLR 3016 (b), and the plaintiff did not allege that any Fleet employees made a knowingly false misrepresentation of fact to him, or omitted a material fact, for the purpose of inducing his reliance (*see Lama Holding Co. v Smith Barney,* 88 NY2d 413, 421 [1996]; *Orlando v Kukielka,* 40 AD3d 829 [2007]; *Wint v ABN Amro Mtge. Group, Inc.,* 19 AD3d 588 [2005]; *68 Burns New Holding, Inc. v Burns St. Owners Corp.,* 18 AD3d 857 [2005]; *Cohen v Houseconnect Realty Corp.,* 289 AD2d 277 [2001]).

Finally, to the extent that the plaintiff's complaint seeks, in effect, to recover damages on the theory that Fleet negligently issued a loan to an imposter, it should have been dismissed because New York does not recognize a cause of action for "negligent enablement of imposter fraud" (*Polzer v TRW, Inc.,* 256 AD2d 248 [1998]), and the plaintiff alleges no special relationship with Fleet which would have given rise to a duty to exercise vigilance in verifying the identity of the unknown person who allegedly obtained a loan in the plaintiff's name (*see*

*Polzer v TRW, Inc.,* 256 AD2d 248 [1998]; *see also Burger v Singh,* 28 AD3d 695 [2006]; *Beckford v Northeastern Mtge. Inv. Corp.,* 262 AD2d 436 [1999]; *Money Store/Empire State v Lenke,* 151 AD2d 256 [1989]). Spolzino, J.P., Covello, Dickerson and Eng, JJ., concur.