■ CITIMORTGAGE, INC., Respondent, v USHER STOSEL, Appellant, et al., Defendants. [934 NYS2d 182]—

Where, as here, a plaintiff's standing to commence a foreclosure action is placed in issue by the defendant, it is incumbent upon the plaintiff to prove its standing to be entitled to relief (*see US Bank N.A. v Madero*, 80 AD3d 751, 752 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 753 [2009]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note, "either by physical delivery or execution of a written assignment prior to the commencement of the action" (*Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 108 [2011]). Moreover, "an assignment of the mortgage without assignment of the underlying note or bond is a nullity" (*U.S. Bank, N.A. v Collymore*, 68 AD3d at 754; *see Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]).

Contrary to the determination of the Supreme Court, the plaintiff failed to demonstrate that it had standing to commence this foreclosure action, since it failed to establish how or when it became the lawful holder of the note either by delivery or valid assignment of the note to it (*see e.g. Bank of N.Y. v Silverberg*, 86 AD3d at 280-283; *Aurora Loan Servs., LLC v Weisblum*, 85 AD3d at 109; *US Bank N.A. v Madero*, 80 AD3d at 752-753; *U.S. Bank, N.A. v Collymore*, 68 AD3d at 754). Accordingly, under the circumstances presented, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Usher Stosel and for an order of reference should have been denied, and that branch of the cross motion of the defendant Usher Stosel which was to dismiss the complaint insofar as asserted against him for lack of standing should have been granted.

In view of the foregoing, we do not reach the remaining contentions of the defendant Usher Stosel. Dillon, J.P., Balkin, Eng and Cohen, JJ., concur.