PHH MORTGAGE CORPORATION, Appellant, v ANDREW S. ISRAEL, Also Known as ANDREW ISRAEL, et al., Defendants, and

ALISA B. ISRAEL, Also Known as ALISA ISRAEL, Respondent. [992 NYS2d 355]—

In an action to foreclose a mortgage, the plaintiff appeals from an amended judgment of the Supreme Court, Suffolk County (Rebolini, J.), dated January 22, 2013, which, upon an order of the same court dated February 6, 2012, granting that branch of the motion of the defendant Alisa B. Israel, also known as Alisa Israel, which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing, dismissed the complaint.

Ordered that the amended judgment is reversed, on the law, with costs, that branch of the motion of the defendant Alisa B. Israel, also known as Alisa Israel, which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint for lack of standing is denied, the order is modified accordingly, and the complaint is reinstated.

PHH Mortgage Corporation established that it was the holder of the subject mortgage note when it commenced this action, and thus, made a showing sufficient to warrant denial of that branch of the motion of the defendant Alisa B. Israel, also known as Alisa Israel (hereinafter the respondent) which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint based on the plaintiff's alleged lack of standing (see CPLR 3211 [a] [3]). " '[T]he physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident' " (Bank of N.Y. v Silverberg, 86 AD3d 274, 281 [2011] [internal quotation marks omitted], quoting US Bank N.A. v Madero, 80 AD3d 751, 753 [2011]; see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]; LaSalle Bank Natl. Assn. v Ahearn, 59 AD3d 911, 912 [2009]; see also Deutsche Bank Trust Co. Ams. v Codio, 94 AD3d 1040 [2012]).

The respondent's contention that the plaintiff failed to comply with the notice provisions of RPAPL 1303 and 1304 is without merit. The plaintiff provided proof that it had complied with the requirements of those provisions, and the respondent did not refute that proof (see U.S. Bank N.A. v Tate, 102 AD3d 859 [2013]; see also Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106 [2011]).

Accordingly, the Supreme Court should have denied that branch of the respondent's motion which was pursuant to CPLR 3211 (a) (3) to dismiss the complaint.

In light of our determination, we need not address the par-

ties' remaining contentions. Skelos, J.P., Dickerson, Austin and Duffy, JJ., concur.