■ PNC BANK, NATIONAL ASSOCIATION, Respondent, v AARON KLEIN, Appellant, et al., Defendants. [5 NYS3d 439]—

In an action to foreclose a mortgage, the defendant Aaron Klein appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Kelly, J.), dated October 8, 2013, as, upon, in effect, reargument, adhered to its

original determination in an order of the same court dated September 4, 2013, inter alia, granting the plaintiff's motion for summary judgment.

Ordered that the order dated October 8, 2013, is affirmed insofar as appealed from, with costs.

The defendant Aaron Klein executed a note and mortgage to secure a loan of $195,000 from the original lender, National City Mortgage Co., doing business as Commonwealth United Mortgage Company. The plaintiff, PNC Bank, National Association (hereinafter PNC), successor by merger to National City Bank, successor by merger to National City Mortgage Co., doing business as Commonwealth United Mortgage Company, commenced this action to foreclose the mortgage after Klein allegedly defaulted in repayment. In his pro se answer, Klein asserted, as a defense, that PNC lacked standing. PNC moved for summary judgment and for the appointment of a referee to hear and compute the amount allegedly due to it. In an order dated September 4, 2013, the Supreme Court granted PNC's motion, but the order was silent as to whether the court had considered any opposition papers in determining PNC's motion. Klein moved, in effect, for leave to reargue and thereupon to vacate the order dated September 4, 2013, contending that he had timely filed papers in opposition to PNC's motion but that, due to an anomaly with respect to the time stamp affixed by the clerk of the court to those papers, the court had apparently not considered those papers in determining the motion. In support of his motion, Klein submitted a copy of the subject opposition papers. The Supreme Court, in effect, granted leave to reargue and determined to consider all evidence, submissions, and issues de novo, regardless of whether Klein's papers in opposition to PNC's motion had been timely submitted. Upon de novo review, the court adhered to its original determination granting PNC's motion for summary judgment, upon concluding that PNC demonstrated that it was the holder of the mortgage and note at the time the action was commenced, thereby rejecting Klein's defense of lack of standing.

Generally, a plaintiff in a mortgage foreclosure action is entitled to summary judgment if it establishes the existence of a mortgage, an unpaid note, and the defendant's default, and the defendant fails to raise a triable issue of fact in opposition (see Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC, 89 AD3d 922, 923 [2011]; Deutsche Bank Natl. Trust Co. v Posner, 89 AD3d 674, 674-675 [2011]). However, where, as here, standing has been made an issue, a plaintiff must also provide prima facie proof that it had standing to sue as of the time it com-

menced the action (*see Wells Fargo Bank, N.A. v Wine*, 90 AD3d 1216, 1217 [2011]; *Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]).

Here, PNC's submissions, which were in admissible form, established that, through a series of corporate mergers, the original mortgage and note devolved from National City to it and, accordingly, it made a prima facie showing that it had standing (*see* Banking Law § 602; *Federal Natl. Mtge. Assn. v Youkelsone*, 303 AD2d 546, 547 [2003]). In opposition, Klein failed to raise a triable issue of fact. Contrary to Klein's contention, the merger of the various banking entities obviated the need for any assignments of the mortgage and note, as PNC and its predecessors have continuously possessed the mortgage and note. Also contrary to Klein's contention, the banking mergers need not be proven solely by public documentation.

Klein's remaining contentions either are without merit or have been rendered academic by our determination. Dillon, J.P., Dickerson, Cohen and Barros, JJ., concur.