■ TD Bank, N.A., Formerly Known as Commerce Bank, N.A., Respondent, v Robert Mandia et al., Appellants, et al., Defendant. [20 NYS3d 83]—

In an action to foreclose a mortgage, the defendants Robert Mandia and Connie Mandia appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated February 11, 2013, as granted the plaintiff's motion for leave to reargue that branch of its prior motion which was for summary judgment on the complaint and its opposition to the cross motion of the defendants Robert Mandia and Connie Mandia for summary judgment dismissing the complaint insofar as asserted against them, which had been determined in a prior order of the same court dated August 22, 2012, and, upon reargument, vacated the order dated August 22, 2012, and thereupon granted that branch of the plaintiff's motion and denied the cross motion, and (2) so much of an order of the same court dated April 3, 2013, as granted that branch of the plaintiff's motion which was to appoint a referee to ascertain and compute the amount due.

Ordered that the orders dated February 11, 2013, and April 3, 2013, are affirmed insofar as appealed from, with one bill of costs to the plaintiff.

The Supreme Court properly granted that branch of the plaintiff's motion which was for leave to reargue on the basis that the court, in determining that branch of the plaintiff's prior motion which was for summary judgment on the

complaint, had overlooked one of the two affidavits of an employee of the plaintiff that had been submitted by the plaintiff (*see* CPLR 2221 [d]).

Thereafter, upon reargument, the Supreme Court properly awarded the plaintiff summary judgment on the complaint. Generally, "[i]n residential mortgage foreclosure actions . . . a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default" (*Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]; *see W & H Equities LLC v Odums*, 113 AD3d 840 [2014]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]). Here, the plaintiff submitted the mortgage and note, and evidence of default. Further, the plaintiff submitted prima facie proof that it properly mailed to the defendants Robert Mandia and Connie Mandia (hereinafter together the defendants) a notice of default and acceleration, and a notice pursuant to RPAPL 1304. In opposition, the defendants failed to raise a triable issue of fact (*see PHH Mtge. Corp. v Israel*, 120 AD3d 1329 [2014]; *see also U.S. Bank N.A. v Tate*, 102 AD3d 859 [2013]).

"However, where, as here, standing has been made an issue, a plaintiff must also provide prima facie proof that it had standing to sue as of the time it commenced the action" (*PNC Bank, N.A. v Klein*, 125 AD3d 953, 954-955 [2015]; *see Citimortgage, Inc. v Stosel*, 89 AD3d 887, 888 [2011]). The plaintiff met this burden by submitting evidence showing that the initial mortgagee, Commerce Bank, N.A., merged in 2008 with the plaintiff TD Bank, N.A., whereupon TD Bank, N.A., became the holder of the note (*see* Banking Law § 602; *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *PNC Bank, N.A. v Klein*, 125 AD3d at 955). In opposition, the defendants failed to raise a triable issue of fact (*see PNC Bank, N.A. v Klein*, 125 AD3d at 955). Therefore, upon reargument, the Supreme Court properly rejected the defendants' affirmative defense of lack of standing and granted that branch of the plaintiff's motion which was for summary judgment on the complaint (*see Wells Fargo Bank, N.A. v Arias*, 121 AD3d 973, 974 [2014]; *Central Mtge. Co. v McClelland*, 119 AD3d 885, 886 [2014]).

The defendants' remaining contentions regarding the appointment of a referee, the service of a proposed order of reference, and the plaintiff's failure to submit a complete copy of the original motion papers on its reargument motion, are without merit (*see* 22 NYCRR 202.48; CPLR 2221; *Rostant v Swersky*, 79 AD3d 456, 456-457 [2010]). Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur. **[Prior Case History: 2013 NY Slip Op 30337(U).]**