In an action to foreclose a mortgage, the defendant Dennis Rockefeller appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), entered July 13, 2015, as granted that branch of the plaintiffs motion which was for summary judgment on the complaint insofar as asserted against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him, and (2) so much of an order of the same court entered July 17, 2015, as granted that branch of the plaintiffs motion which was for an order of reference.
 

 Ordered that the orders are affirmed insofar as appealed from, with one bill of costs.
 

 Generally, a plaintiff in a mortgage foreclosure action is entitled to summary judgment if it establishes the existence of a mortgage, an unpaid note, and the defendant’s default, and the defendant fails to raise a triable issue of fact in opposition (see Midfirst Bank v Agho, 121 AD3d 343, 347 [2014]; Swedbank, AB, N.Y. Branch v Hale Ave. Borrower, LLC, 89 AD3d 922, 923 [2011]). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage and unpaid note, and evidence of default (see Onewest Bank, FSB v Prince, 130 AD3d 700, 701 [2015]; NationStar Mtge., LLC v Silveri, 126 AD3d 864, 865 [2015]). In opposition, the appellant failed to raise a triable issue of fact.
 

 However, where, as here, standing has been made an issue, a plaintiff must also provide prima facie proof that it had standing to sue as of the time it commenced the action (see Central Mtge. Co. v Jahnsen, 150 AD3d 661, 662 [2017]; Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2011]). The plaintiff met this burden by submitting evidence showing that the initial mortgagee, ABN AMRO Mortgage Group, Inc., merged with it in 2007, whereupon the plaintiff became the holder of the note (see Banking Law § 602; Citimortgage, Inc. v Goldberg, 134 AD3d 880, 881 [2015]; TD Bank, N.A. v Mandia, 133 AD3d 590, 591 [2015]; PNC Bank, N.A. v Klein, 125 AD3d 953, 955 [2015]; Capital One, N.A. v Brooklyn Flatiron, LLC, 85 AD3d 837, 837 [2011]). In opposition, the appellant failed to raise a triable issue of fact (see TD Bank, N.A. v Mandia, 133 AD3d at 591; PNC Bank, N.A. v Klein, 125 AD3d at 955).
 

 Moreover, the Supreme Court properly denied that branch of the appellant’s cross motion which was for summary judgment dismissing the complaint insofar as asserted against him as a sanction for the plaintiff’s failure to negotiate in good faith. CPLR 3408 is a remedial statute which “requires only that the parties enter into and conduct negotiations in good faith” (US Bank N.A. v Sarmiento, 121 AD3d 187, 200 [2014]). To conclude that a party failed to negotiate in good faith pursuant to CPLR 3408 (f), a court must determine that “the totality of the circumstances demonstrates that the party’s conduct did not constitute a meaningful effort at reaching a resolution” (US Bank N.A. v Sarmiento, 121 AD3d at 203; see Wells Fargo Bank, N.A. v Miller, 136 AD3d 1024, 1025 [2016]). Here, the appellant failed to demonstrate that, under the totality of the circumstances, the plaintiff did not negotiate in good faith during the foreclosure settlement conferences (see PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1148 [2016]; Retained Realty, Inc. v Syed, 137 AD3d 1099, 1100 [2016]; Deutsche Bank Natl. Trust Co. v Twersky, 135 AD3d 895, 896 [2016]; Bank of N.Y. v Castillo, 120 AD3d 598, 600 [2014]).
 

 Balkin, J.P., Leventhal, Austin and Iannacci, JJ., concur.