Silver v CitiMortgage, Inc. (2018 NY Slip Op 04369)





Silver v CitiMortgage, Inc.


2018 NY Slip Op 04369


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2015-06777
 (Index No. 15392/10)

[*1]Esther Silver, appellant, 
v
CitiMortgage, Inc., respondent.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellant.
Akerman LLP, New York, NY (Jordan M. Smith of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violations of Banking Law § 6-l and General Business Law § 349, the plaintiff appeals from an order of the Supreme Court, Rockland County (Gerald E. Loehr, J.), dated March 16, 2015. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the first through seventh, ninth, and tenth causes of action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In June 2008, the plaintiff executed a note in the sum of $417,000 in favor of the defendant. The note was secured by a mortgage on residential property in Monsey. In 2010, the plaintiff defaulted on her obligations under the note and mortgage. Thereafter, in December 2010, the plaintiff commenced this action against the defendant alleging, inter alia, violations of Banking Law § 6-l and General Business Law § 349. After issue was joined, the defendant moved for summary judgment dismissing the complaint. In an order dated March 16, 2015, the Supreme Court granted the motion. The plaintiff appeals from so much of the order as granted those branches of the defendant's motion which were for summary judgment dismissing the first through seventh, ninth, and tenth causes of action.
The defendant established, prima facie, its entitlement to judgment as a matter of law dismissing the first through seventh causes of action, alleging violations of Banking Law § 6-l, by demonstrating that the subject loan was not a "high-cost home loan" within the meaning of the statute (see Banking Law § 6-l[1][g]). In opposition, the plaintiff failed to raise a triable issue of fact. A home loan is a "high-cost home loan" if, among other things, the total points and fees charged exceed five percent of the total loan amount (see Banking Law § 6-l[1][g][ii]; [h]). Contrary to the plaintiff's contention, the total points and fees for the subject loan did not exceed five percent of the total loan amount. The defendant properly included broker fees in its calculation of points and fees, and, contrary to the plaintiff's contention, stamp taxes and mortgage taxes charged for the loan were properly excluded from the calculation (see Banking Law § 6-l[1][f]). Since real estate taxes, which were required to be paid in escrow, were financed by the lender, they also should have been included in the points and fees (see Banking Law § 6-l[1][f][ii]; 12 CFR 226.4[c][7][v]; LaSalle Bank, N.A. II v Shearon, 23 Misc 3d 959 [Sup Ct, Richmond County]). However, even adding the real estate taxes into the calculation, the total points and fees do not exceed five percent of the total [*2]loan amount.
The defendant also established, prima facie, its entitlement to judgment as a matter of law dismissing the tenth cause of action, alleging violations of General Business Law § 349. "In order to establish a prima facie violation of General Business Law § 349, a plaintiff must demonstrate that a defendant is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, and that the plaintiff has been injured because of it" (Ladino v Bank of Am., 52 AD3d 571, 574). In opposition to the defendant's prima facie showing that, in connection with the subject loan, it did not engage in consumer-oriented conduct which was deceptive or misleading in a material way, the plaintiff failed to show anything other than a private contract dispute unique to the parties (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 320; North State Autobahn, Inc. v Progressive Ins. Group Co., 102 AD3d 5, 12; Wilner v Allstate Ins. Co., 71 AD3d 155, 163). Thus, the plaintiff failed to raise a triable issue of fact.
Further, the defendant established, prima facie, that it was entitled to judgment as a matter of law dismissing the ninth cause of action, which sought the disgorgement of profits based on the defendant's alleged receipt of undisclosed profits. In opposition to the defendant's prima facie showing, the plaintiff failed to raise a triable issue of fact.
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the defendant's motion which were for summary judgment dismissing the first through seventh, ninth, and tenth causes of action.
SCHEINKMAN, P.J., DILLON, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court