Moxey v Payne (2018 NY Slip Op 08291)





Moxey v Payne


2018 NY Slip Op 08291


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2015-11417
 (Index No. 5761/15)

[*1]Kenneth Moxey, appellant, 
v
Jennifer G. Payne, et al., respondents.


Kenneth Moxey, Valley Stream, NY, appellant pro se.
Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph B. Teig of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, for a judgment declaring an assignment of a mortgage to be null and void, and to remove a cloud on title to real property, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 2, 2015. The order granted the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
On September 30, 2008, the plaintiff executed a note in favor of Wachovia Mortgage, FSB (hereinafter Wachovia), which was secured by a mortgage on property he owned in Rosedale. Effective November 1, 2009, Wachovia converted to Wells Fargo Bank Southwest, National Association, and merged into the defendant Wells Fargo Bank, N.A. (hereinafter Wells Fargo). On July 20, 2010, an assignment of the mortgage and note to Wells Fargo was purportedly executed on behalf of Wachovia by the defendant Jennifer G. Payne, as "VP of Loan Documentation" of Wells Fargo.
In May 2015, the plaintiff commenced this action against Payne and Wells Fargo, alleging that title to the subject property was wrongfully encumbered by the assignment of mortgage and seeking, inter alia, to remove the cloud on his title. The plaintiff alleged, among other things, that the assignment of the mortgage by Wachovia to Wells Fargo was invalid, inasmuch as the assignment was effectuated after Wachovia had "ceased to exist," and that Payne lacked the authority to execute the assignment of mortgage. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint, inter alia, on the ground that Wells Fargo was the successor by merger to the assignor, Wachovia, at the time of the assignment, and, therefore, Wells Fargo was the holder of the note and mortgage regardless of the validity of the assignment of mortgage. In the order appealed from, the Supreme Court granted the defendants' motion.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Gould v Decolator, 121 AD3d 845, 847; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Leon v Martinez, 84 NY2d 83, 88). "On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must [*2]accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist., 159 AD3d 769, 771; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 87-88). "Where evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Rabos v R & R Bagels & Bakery, Inc., 100 AD3d 849, 851-852; see Guggenheimer v Ginzburg, 43 NY2d 268, 274-275; Esposito v Weiner, 160 AD3d 928, 929).
"Banking Law § 602, which governs the effect of a merger, provides that the receiving bank shall be considered the same business and corporate entity' as the bank merged into it, and that all of the property, rights, and powers of the merged bank shall vest in the receiving bank" (Ladino v Bank of Am., 52 AD3d 571, 572; see Barclay's Bank of N.Y. v Smitty's Ranch, 122 AD2d 323, 324). Consequently, " no formal assignment is required to effect a transfer of assets of a merged corporation to the receiving corporation'" (Ladino v Bank of Am., 52 AD3d at 572-573, quoting Barclay's Bank of N.Y. v Smitty's Ranch, 122 AD2d at 324; see PNC Bank, N.A. v Klein, 125 AD3d 953, 955).
Here, in support of their motion, the defendants submitted documentary evidence demonstrating that the initial mortgagee, Wachovia, merged in 2009 with Wells Fargo, whereupon Wells Fargo became the holder of the note and mortgage (see Citimortgage, Inc. v Rockefeller, 155 AD3d 998; TD Bank, N.A. v Mandia, 133 AD3d 590, 591; PNC Bank, N.A. v Klein, 125 AD3d at 955), regardless of the validity of the assignment. The merger of the banking entities obviated the need for any assignment of the mortgage and note (see PNC Bank, N.A. v Klein, 125 AD3d at 955). Thus, the documentary evidence demonstrated that the allegation that the subject property was wrongfully encumbered by the mortgage was, undisputably, not a fact at all. Furthermore, the evidence utterly refuted the plaintiff's factual allegations, conclusively establishing a defense as a matter of law.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, we agree with the Supreme Court's granting of the defendants' motion pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court