Wells Fargo Bank, N.A. v Pauley (2019 NY Slip Op 03707)





Wells Fargo Bank, N.A. v Pauley


2019 NY Slip Op 03707


Decided on May 9, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 9, 2019

525539

[*1]WELLS FARGO BANK, N.A., as Successor by Merger to WACHOVIA MORTGAGE, FSB, Formerly Known as WORLD SAVINGS BANK, FSB, Respondent,
v
GLENN PAULEY, Also Known as GLEN J. PAULEY, Appellant, et al., Defendants.

Calendar Date: March 18, 2019

Before: Egan Jr., J.P., Lynch, Clark, Devine and Pritzker, JJ.


Law Office of James M. Brooks, Lake Placid (Nicholas Tishler, Niskayuna, of counsel), for appellant.
Hogan Lovells US, LLP, New York City (Cameron E. Grant of counsel), for respondent.



MEMORANDUM AND ORDER
Pritzker, J.
Appeal from an order of the Supreme Court (Bruening, J.), entered April 27, 2017 in Essex County, which, among other things, granted plaintiff's motion for summary judgment.
In June 2007, defendant Glenn Pauley (hereinafter defendant) and his former spouse executed a note in favor of World Savings Bank, FSB that was secured by a mortgage on certain improved real property. In 2007, the parent company of World Savings Bank, FSB merged with Wachovia Corporation and became known as Wachovia Mortgage, FSB. In 2009, Wachovia Mortgage, FSB was converted into a national bank and merged into Wells Fargo Bank, National Association. Subsequently, in November 2013, plaintiff commenced this foreclosure action. Defendant joined issue and submitted an amended answer asserting, in relevant part, that plaintiff lacked standing to maintain this action.
Following several settlement conferences held pursuant to CPLR 3408, plaintiff moved for summary judgment and the appointment of a referee. Defendant opposed the motion, in relevant part, on the grounds of standing and lack of good faith compliance with CPLR 3408. Supreme Court, as relevant here, granted plaintiff's motion for summary judgment, struck defendant's answer and ordered the appointment of a referee to compute the amount due on the note. Defendant appeals, and we affirm.
"In a foreclosure action, a plaintiff producing evidence of the mortgage, unpaid note and the mortgagor's default will be entitled to summary judgment" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015] [internal quotations marks, brackets and citations omitted]; see Bank of N.Y. Mellon v Slavin, 156 AD3d 1073, 1075 [2017]). "Where, as here, a challenge is made to the plaintiff's standing to maintain the action, the plaintiff must also demonstrate that, at the time that the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note" (Bank of N.Y. Mellon v Cronin, 151 AD3d 1504, 1505-1506 [2017] [citations omitted], lv dismissed 31 NY3d 1061 [2018]; see Bank of N.Y. Mellon v Slavin, 156 AD3d at 1076). Here, in addition to producing evidence of the mortgage, the unpaid note and defendant's default, plaintiff submitted an affidavit of Renee Hicks, a vice-president for plaintiff, wherein she averred, in relevant part, that, based on her review of the records maintained by plaintiff in the ordinary course of business, plaintiff is the original payee of the note by operation of merger and that plaintiff had possession of the note on or before the date the action was commenced. Additionally, plaintiff submitted documentation establishing that World Savings Bank, FSB, through mergers, ultimately became Wells Fargo Bank, National Association [FN1]. Banking Law establishes that a receiving corporation in a merger holds all the same rights as each corporation merged into it (see Banking Law § 602; PNC Bank, N.A. v Klein, 125 AD3d 953, 955 [2015], lv dismissed 26 NY3d 1078 [2015]; Barclay's Bank of N.Y. v Smitty's Ranch, 122 AD2d 323, 324 [1986]). Therefore, as Hicks' affidavit establishes plaintiff's standing by showing that it, the merged corporation, held the note at the time of commencement of the action, plaintiff has made a prima facie showing of standing, which defendant has failed to rebut (see Citimortgage, Inc. v Espinal, 134 AD3d 876, 880 [2015]; PNC Bank, N.A. v Klein, 125 AD3d at 955).
Nor do we find that CPLR 3408 (f) presents a bar to summary judgment. Although "the aspirational goal of CPLR 3408 negotiations is that the parties reach a mutually agreeable resolution to help the defendant avoid losing his or her home, the statute requires only that the parties enter into and conduct negotiations in good faith" (Wells Fargo Bank, N.A. v Van Dyke, 101 AD3d 638, 638 [2012] [internal quotation marks and citation omitted]; see CPLR 3408 [f]; PNC Bank, N.A. v Campbell, 142 AD3d 1147, 1147 [2016]). Here, it is undisputed that both parties took part in at least eight settlement conferences and that, during the last settlement conference, defendant was offered a trial loan modification. In its decision, Supreme Court acknowledged the length of the settlement conference process, but noted that many of the conferences were needed to resolve issues surrounding defendant's divorce and that resolution of these issues "cleared the way" for defendant to be "approved for and offered a trial loan modification." Therefore, we do not find that "the totality of the circumstances demonstrates that [plaintiff's] conduct did not constitute a meaningful effort at reaching a resolution" (Wells Fargo Bank, N.A. v Miller, 136 AD3d 1024, 1025 [2016] [internal quotation marks and citation omitted]; see US Bank N.A. v Cohen, 156 AD3d 844, 847 [2017]). We have examined defendant's remaining contentions and have found them to be lacking in merit.
Egan Jr., J.P., Lynch, Clark and Devine, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: To the extent that defendant argues that there is no factual evidence in the record that plaintiff, "Wells Fargo N.A.," is the same entity as "Wells Fargo Bank, National Association, Sioux Falls, South Dakota," which is the entity referenced in a letter from the Comptroller of the Currency, Administrator of National Banks, this argument was not raised before Supreme Court and, as such, is not preserved for our review (see Albany Eng'g Corp. v Hudson River/Black Riv. Regulating Dist., 110 AD3d 1220, 1222 [2013]).