CitiMortgage, Inc. v Osorio (2019 NY Slip Op 05383)





CitiMortgage, Inc. v Osorio


2019 NY Slip Op 05383


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2017-05205 
2017-05206
 (Index No. 11544/11)

[*1]CitiMortgage, Inc., etc., respondent, 
v
Victor A. Osorio, etc., et al., appellants, et al., defendants.


Rubin & Licatesi, P.C., Garden City, NY (Amy J. Zamir of counsel), for appellants.
Sandelands Eyet LLP, New York, NY (Mitchell E. Zipkin of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Victor A. Osorio and Isabel Osorio appeal from (1) a decision of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 17, 2016, and (2) an order of the same court, also entered November 17, 2016. The order, insofar as appealed from, upon the decision, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Victor A. Osorio and Isabel Osorio, to strike the answer of those defendants, and for an order of reference.
ORDERED that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is reversed insofar as appealed from, on the law, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Victor A. Osorio and Isabel Osorio, to strike the answer of those defendants, and for an order of reference are denied; and it is further,
ORDERED that one bill of costs is awarded to the defendants Victor A. Osorio and Isabel Osorio.
On February 23, 2005, the defendants Victor A. Osorio and Isabel Osorio (hereinafter together the defendants) executed a note in the sum of $352,000 in favor of ABN AMRO Mortgage Group, Inc. (hereinafter ABN). The note was secured by a mortgage on residential property in Baldwin. The defendants allegedly defaulted on their obligations under the note by failing to make the monthly payment due on November 1, 2009.
In August 2011, the plaintiff, alleging that it was the successor by merger to ABN, commenced this foreclosure action against the defendants, among others. The defendants served an answer in which they asserted various affirmative defenses, including that the plaintiff lacked standing and failed to comply with RPAPL 1304.
In August 2016, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference. By order entered November 17, 2016, the Supreme Court, among other things, granted those branches of the plaintiff's motion, and the defendants appeal.
RPAPL 1304(1), which applies to home loans, provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." The statute sets forth the requirements for the content of such notice (see RPAPL 1304[1]), and provides that such notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the subject residence (see RPAPL 1304[2]). "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 106; see U.S. Bank N.A. v Fisher, 169 AD3d 1089, 1091; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 891-892; Citibank, N.A. v Wood, 150 AD3d 813, 814). "Proof of the requisite mailing is established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242 [internal quotation marks omitted]).
Here, the plaintiff failed to demonstrate, prima facie, its strict compliance with RPAPL 1304 (see id. at 1241-1242; Wells Fargo Bank, N.A. v Trupia, 150 AD3d 1049, 1050). The plaintiff did not submit an affidavit of service or proof of mailing by the United States Postal Service evidencing that the plaintiff properly served the defendants pursuant to RPAPL 1304. Instead, the plaintiff relied upon the affidavit of its employee Lesa Duddey, a vice president of document control. In her affidavit, Duddey averred that her "review of records" maintained by the plaintiff "reveal[ed]" that the plaintiff sent 90-day notices by registered or certified mail and first class mail to each of the defendants, and she described a correspondence log that purportedly evidenced such mailings. "While mailing may be proved by documents meeting the requirements of the business records exception to the rule against hearsay" (Wells Fargo Bank, N.A. v Trupia, 150 AD3d at 1050 [internal quotation marks omitted]), here, the plaintiff failed to submit a copy of the correspondence log in support of its motion. Consequently, the statements in Duddey's affidavit regarding the correspondence log are inadmissible hearsay and lack probative value (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197; Wells Fargo Bank, N.A. v Moran, 168 AD3d 1128, 1129; Citimortgage, Inc. v Pappas, 147 AD3d 900, 901; cf. Citimortgage, Inc. v Wallach, 163 AD3d 520, 521). The plaintiff did not establish proof of a standard office practice and procedure designed to ensure that items are properly addressed and mailed (see U.S. Bank N.A. v Offley,170 AD3d 1240; CitiMortgage, Inc. v Pappas, 147 AD3d at 901). The presence of 20-digit numbers on the copies of the 90-day notices submitted by the plaintiff, standing alone, did not suffice to establish, prima facie, proper mailing under RPAPL 1304 (see U.S. Bank N.A. v Offley, 170 AD3d 1240; Deutsche Bank Natl. Trust Co. v Heitner, 165 AD3d 1038, 1038; Bank of N.Y. Mellon v Zavolunov, 157 AD3d 754, 756).
Although we need not reach the issue of standing in light of our determination, we note that the plaintiff also failed to submit sufficient evidence in admissible form of ABN's merger with the plaintiff to establish, prima facie, that the plaintiff was the holder of the note at the time of the commencement of the action (see U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; Home Sav. of Am. v Lacher, 159 AD2d 235, 236; cf. Citimortgage, Inc. v Rockefeller, 155 AD3d 998, 998; Citimortgage, Inc. v Goldberg, 134 AD3d 880, 880-881; TD Bank, N.A. v Mandia, 133 AD3d 590, 591; PNC Bank, N.A. v Klein, 125 AD3d 953, 955).
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike the defendants' answer, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
SCHEINKMAN, P.J., RIVERA, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court