Wells Fargo Bank, N.A. v Bedell (2020 NY Slip Op 04890)





Wells Fargo Bank, N.A. v Bedell


2020 NY Slip Op 04890


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-11489
 (Index No. 16603/12)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
William Bedell, etc., appellant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Adam Wynn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated September 20, 2017. The order, insofar as appealed from, granted that branch of the plaintiff's cross motion which was for summary judgment striking certain of his affirmative defenses, and denied his motion to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 7, 2007, the defendant executed a note in the principal sum of $336,000. The note was secured by a mortgage on certain residential property located in Islip. The defendant allegedly defaulted by failing to make the monthly payment due on November 1, 2011, and all payments thereafter.
In 2012, the plaintiff commenced the instant foreclosure action against the defendant, among others. The defendant interposed an answer in which he alleged several affirmative defenses, including the plaintiff's lack of standing, and that it failed to comply with RPAPL 1304. The defendant then moved to compel the plaintiff to respond to his outstanding discovery demands, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to appoint a referee to compute the amounts due.
In 2016, the plaintiff assigned the subject mortgage to MTGLQ Investors, L.P. (hereinafter "MTGLQ"). Subsequently, the defendant filed a second motion, this time to dismiss the plaintiff's complaint insofar as asserted against him, without prejudice, or alternatively, to stay the foreclosure action, based on MTGLQ's alleged lack of capacity to maintain the instant foreclosure action based on its alleged failure to register with the State of New York.
In an order dated September 20, 2017, the Supreme Court denied both of the defendant's motions. The court granted the plaintiff's cross motion to the extent of dismissing all of the affirmative defenses in the defendant's answer, with the sole exception of the affirmative defense alleging the plaintiff's failure to comply with RPAPL 1304. The court also granted the plaintiff's application to discontinue the action against the other defendants, and amended the caption accordingly.
Generally, a plaintiff in a mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the underlying unpaid note, and evidence of the defendant's default (see Midfirst Bank v Agho, 121 AD3d 343, 347; Swedbank AB, N.Y. Branch v Hale Ave. Borrower, LLC 89 AD3d 922, 923). Here, in support of its cross motion, the plaintiff submitted copies of the note and the mortgage, and evidence of the defendant's default.
" However, where, as here, standing has been made an issue, a plaintiff must also provide prima facie proof that it had standing to sue as of the time it commenced the action'" (TD Bank, N.A. v Mandia, 133 AD3d 590, 591, quoting PNC Bank, N.A. v Klein, 125 AD3d 953, 954-955). Here, the plaintiff met this burden by submitting evidence showing that through a series of mergers, the plaintiff, Wells Fargo Bank, N.A., became the holder of the note before this action was commenced (see Banking Law § 602; TD Bank, N.A. v Mandia, 133 AD3d at 591, citing PNC Bank, N.A. v Klein, 125 AD3d at 954-955). In opposition, the defendant failed to raise a triable issue of fact (see PNC Bank, N.A. v Klein, 125 AD3d at 955).
We agree with the Supreme Court's determination to deny the defendant's motion to dismiss the complaint based on MTGLQ's alleged incapacity to maintain the instant action, because where, as here, the note and the mortgage were validly assigned to MTGLQ subsequent to the commencement of this foreclosure action, the assignee can continue the action in the name of the original mortgagee, even in the absence of a formal substitution (see CPLR 1018; Woori Am. Bank v Global Universal Group, Ltd., 134 AD3d 699, 700; Brighton BK, LLC v Kurbatsky, 131 AD3d 1000, 1001).
The defendant's remaining contentions are without merit.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court