■ NEW YORK STATE HIGHER EDUCATION SERVICES CORPORATION, Respondent, v VERONICA BARRY, Appellant. [699 NYS2d 204] —Yesawich Jr., J. Appeal from an order of the Supreme Court (Malone, Jr., J.), entered April 15, 1999 in Albany County, which, *inter alia, sua sponte* granted plaintiff summary judgment on the issue of liability.

After defendant, who from 1981 until 1985 obtained various student loans from Northfield Savings Bank, allegedly defaulted on the loans, plaintiff honored its guarantee to Northfield (*see,* Education Law 680 [1] [b]) and thereafter commenced this action to collect the principal and accrued interest from defendant. Appearing *pro se,* defendant moved to dismiss the complaint, contending, among other things, that plaintiff's action was time barred and that she had been denied due process. Supreme Court, *sua sponte,* converted defendant's motion to one for summary judgment and granted judgment in plaintiff's favor on the issue of liability. Defendant appeals.

Initially, Supreme Court did not err when, acting on its own initiative, it treated the instant motion as one for summary judgment. Despite the absence of sufficient notice to the parties of the court's intent to proceed in this manner (*see,* CPLR 3211 [c]; *Phillips v Sollami,* 220 AD2d 946, 947), this omission

was not fatal since the parties laid bare their proof (*see, Capital Wireless Corp. v Deloitte & Touche*, 216 AD2d 663, 665-666).

Turning to the merits, we find that the record amply supports Supreme Court's decision. Regarding defendant's claim that the court relied upon inadmissable hearsay in reaching its determination, it suffices to note that the evidence complained of consisted of business records, a well-recognized exception to the hearsay rule (*see, Tomanelli v Lizda Realty*, 174 AD2d 889, 890). And defendant's challenge to the sufficiency of the evidence is unavailing for the record contains promissory notes originated by Northfield, signed by defendant and guaranteed by plaintiff, as well as additional documents establishing that defendant had not made any payments from 1991 through 1997, all of which constituted prima facie proof of the obligation and defendant's default. Defendant's unsubstantiated assertions that she repaid the loans, together with a receipt reflecting just four monthly payments made by defendant, were not enough to create a triable issue of fact sufficient to withstand summary judgment (*see, Maikels v Albany Broadcasting Co.*, 248 AD2d 915, 916).

Nor is this action barred by the six-year Statute of Limitations set out in CPLR 213. As this Court has previously observed, Congress, by enacting 20 USC § 1091 a (a) (2), has preempted State limitation periods in suits where, as here, the guaranty agency seeks repayment of student loans (*see, State of New York Higher Educ. Servs. Corp. v Starr*, 179 AD2d 992, 993-994). We have considered defendant's remaining arguments and find them either to be without merit or unpreserved for review.

Mikoll, J. P., Crew III, Spain and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.