Community Bank, N.A. v Sharkey (2020 NY Slip Op 02146)





Community Bank, N.A. v Sharkey


2020 NY Slip Op 02146


Decided on April 2, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 2, 2020

528770

[*1]Community Bank, N.A., Respondent,
v
Michael Sharkey, Defendant, and Sally Sharkey, Appellant.

Calendar Date: February 11, 2020

Before: Egan Jr., J.P., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.


Maguire Cardona, PC, Albany (Mackenzie E. Kesterke of counsel), for appellant.
Riehlman Shafer & Shaw, LLC, Tully (Joel I. Ross of counsel), for respondent.



Pritzker, J.
Appeal from an order of the Supreme Court (Fisher, J.), entered February 28, 2019 in Greene County, which granted plaintiff's motion for summary judgment against defendant Sally Sharkey.
In September 2016, plaintiff filed a complaint seeking approximately $27,000 plus interest allegedly due from a retail installment contract. The contract, entered into on or about November 11, 2011, governs the purchase of a $41,990 boat. Plaintiff alleges that defendant Michael Sharkey (hereinafter Sharkey) and defendant Sally Sharkey (hereinafter defendant) cosigned the loan application and contract. In November 2016, defendant joined issue asserting general denials and three affirmative defenses. Thereafter, defendant served a combined discovery demand, to which plaintiff responded. Then, in October 2017, a default judgment was entered against Sharkey. In November 2017, plaintiff moved for summary judgment against defendant and, in response, defendant filed an affidavit in opposition to plaintiff's motion. In her affidavit, defendant alleged, among other things, that she never intended to co-sign the contract and that Sharkey, who was her husband at the time the boat was purchased, had a history of forging her signature and recently admitted to her that he may have procured her signature on the document through trickery. Thereafter, plaintiff withdrew its motion "in light of certain factual issues raised by" defendant's affidavit. However, in August 2018, plaintiff filed a second motion for summary judgment after securing an affidavit from an undisclosed witness, Eric Laudani, the general manager of Boat-N-RV Warehouse, the dealership where the boat was purchased. Laudani affirmed, almost seven years after the purchase, that he recalled watching defendant sign the contract at the dealership. Defendant opposed plaintiff's motion and reaffirmed the statements made in her earlier affidavit. Supreme Court granted plaintiff's motion, and this appeal by defendant ensued.
We first address defendant's contention that Supreme Court erred in considering the affidavit of Laudani. In her demand for discovery, defendant requested the names and addresses of anyone who witnessed the execution of the contract. In response, plaintiff responded that an unknown individual executed the contract on behalf of Boat-N-RV Warehouse. Despite the continuing nature of defendant's demand, plaintiff failed to provide Laudani's information to defendant when it was obtained. As such, Supreme Court erred in considering this affidavit (see Epps v Bibicoff, 124 AD3d 1100, 1102 [2015]; Garcia v Good Home Realty, Inc., 67 AD3d 424, 425 [2009]; compare Rossal-Daub v Walter, 58 AD3d 992, 994 [2009]). However, because we find that plaintiff met its prima facie burden by submitting the signed contract and evidence of failure to make payments (see Commonwealth Land Tit. Ins. Co. v Prado, 176 AD3d 1164, 1165-1166 [2019]; Convenient Med. Care v Medical Bus. Assoc., 291 AD2d 617, 618 [2002]), without regard for Laudani's affidavit, this is harmless error and does not itself warrant reversal (see generally Huff v C.K. Sanitary Sys., 260 AD2d 892, 896 [1999]).
Inasmuch as plaintiff met its prima facie burden, the burden then shifted to defendant to "produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). As to defendant's argument that her signature was forged, her "bald assertion of forgery" in her affidavit in opposition to plaintiff's motion was not sufficient to create an issue of fact as to the authenticity of the signature (Banco Popular N. Am. v Victory Taxi Mgt., 1 NY3d 381, 384 [2004]; see Golf Glen Plaza Niles, Il. L.P. v Amvoid USA, LLC, 160 AD3d 1375, 1376 [2018]; compare Kitovas v Megaris, 133 AD3d 720, 721-722). We do not, however, reach the same conclusion as to defendant's argument that Sharkey tricked her into signing the contract.[FN1]
In defendant's first affidavit submitted in opposition to plaintiff's motion,[FN2] she avers facts in support of her argument that, if in fact her signature is authentic, it was procured by trickery. Specifically, she swears that not only had she never seen or ridden on the boat, but she was not even aware that Sharkey had purchased it until approximately May 2015, nearly four years after the contract was signed, "when a man came to repossess it and asked me where it was located." Further, defendant stated that her divorce from Sharkey in July 2015 was "in connection with his purchase of [the boat]." Defendant further stated that she confronted Sharkey about the contract and her "alleged signatures" and that he informed her that "he may have tricked [her] into signing it by putting it between other documents dealing with [their] homeowners['] insurance and getting [her] to sign them." Defendant concludes by maintaining that "either my ex-husband forged my name to the [contract] or he somehow tricked me into signing it without ever telling me what I was actually signing."[FN3] Accordingly, viewing the proof in the light most favorable to defendant, defendant's opposition papers raised material issues of fact as to her argument that her signature was obtained by trickery (see generally Gami v Cornell University, 162 AD3d 1441, 1444 [2018], lv denied 32 NY3d 916 [2019]; Debra F. v New Hope View Farm, 155 AD3d 1491, 1493 [2017]), negating her intent to be bound as a co-signer (see General Construction Law § 46; Marden v Dorthy, 160 NY 39, 49 [1899]; Dahlin v Alfredo, 12 AD2d 798, 798 [1961], affd 11 NY2d 804 [1962]; Matter of Thompson, 16 BR 431, 434 [ED NY 1982]). Therefore, Supreme Court erred in granting plaintiff's motion for summary judgment. In light of this determination, defendant's remaining contentions are rendered academic.
Egan Jr., J.P., Clark, Aarons and Reynolds Fitzgerald, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and motion denied.



Footnotes

Footnote 1: Contrary to Supreme Court's observation, we do not find these two alternative arguments to be contradictory or inconsistent. Defendant avers lack of knowledge and, thus, it is reasonable for her to assert that the signature was forged, but if it is authentic, it was induced by trickery.

Footnote 2: Defendant proffered an affidavit in opposition to plaintiff's first motion for summary judgment filed in November 2017. In response to plaintiff's second motion for summary judgment filed in August 2018, defendant proffered both a new affidavit addressing Laudani's affidavit, as well as a copy of her previous affidavit, which she incorporated into her second.

Footnote 3: Even if we were to consider Laudani's affidavit, defendant's second affidavit was more than sufficient to raise triable issue of fact.