Citibank, N.A. v Geyer (2020 NY Slip Op 20340)

Citibank, N.A. v Geyer

2020 NY Slip Op 20340 [70 Misc 3d 66]

Accepted for Miscellaneous Reports Publication

Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, March 17, 2021

[*1]

Citibank, N.A., Respondent,
v
Holly A. Geyer, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, December 10, 2020

Citibank, N.A. v Geyer, 62 Misc 3d 1207(A), 2019 NY Slip Op 50024(U), affirmed.

APPEARANCES OF COUNSEL

Law Office of Jason Tenenbaum, P.C. (Jason Tenenbaum and Shaaker Bhuiyan of counsel) for appellant.
Tenaglia & Hunt, P.A. (James T. Hunt, Jr. of counsel) for respondent.

{**70 Misc 3d at 67} OPINION OF THE COURT

Memorandum.

Ordered that the judgment is affirmed, without costs.
Plaintiff Citibank, N.A. commenced this action to recover for breach of contract and based on an account stated after defendant defaulted on her monthly credit card payments. At a nonjury trial, Citibank, N.A.'s witness, Judy Delage, vice-president and custodian of records for Citibank, N.A., testified that, in 2009, defendant was issued a credit card by Citibank, S.D. Delage stated that she has worked for Citibank, N.A. for over 20 years but that, when she began in 1995, she "technically" worked for Citicorp Credit Services, Inc. (CCSI), a service provider for Citibank, N.A. and Citibank, S.D. In July of 2011, Citibank, S.D. merged into Citibank, N.A. and Delage witnessed the letter from the Comptroller of the Currency with respect to the merger. Delage was "still technically employed" by CCSI until January of 2012, when she became directly employed by Citibank, N.A. Throughout her employment, Delage had access to all of Citibank's computer systems, as well as Citibank, S.D.'s books, records and credit card accounts, and was trained in the regular business practices of Citibank, S.D. The account numbers on the [*2]credit card accounts did not change after the merger. In August of 2011, defendant was informed in a statement that, effective July 1, 2011, Citibank, S.D. was merged into Citibank, N.A., and that Citibank, N.A. was the new issuer of her account and that all references to Citibank, S.D. in her account documentation, including the card agreement, and in communications about her account, should be deemed to refer to Citibank, N.A.
Delage further testified that the monthly billing statements from 2009 to 2011 were created and sent to defendant's address{**70 Misc 3d at 68} in the regular course of business and that no statement was returned as undeliverable. The statements showed that the last charges to the credit card were made in February of 2011 and that the last payment on the account was made on March 9, 2011, in the sum of $85. The last statement in August of 2011 lists the balance due as $5,459.60. Delage also showed the court copies of the payment stubs along with several checks signed by defendant evidencing partial payments on the account. At the conclusion of plaintiff's case, defense counsel informed the court that defendant had no evidence to present and moved for a directed verdict arguing that Citibank, N.A. has no standing since the credit card was originally issued by Citibank, S.D. and, in any event, that it failed to prove its case.
The District Court found that Citibank, N.A. had standing to bring this action, dismissed the breach of contract cause of action and awarded Citibank, N.A. the principal sum of $5,459.60 on an account stated. Defendant appeals from the judgment entered on January 28, 2019.
[1] The Banking Law provides that a receiving corporation in a merger holds all the same rights as each corporation merged into it (see Banking Law § 602; see also PNC Bank, N.A. v Klein, 125 AD3d 953 [2015]; Barclay's Bank of N.Y. v Smitty's Ranch, 122 AD2d 323 [1986]). Here, the evidence established that Citibank, S.D. merged into Citibank, N.A. Consequently, by operation of the merger, Citibank, N.A. became the owner of the credit card contract defendant entered into with Citibank, S.D., and, thus, Citibank, N.A. had standing to commence this action (see Society of Plastics Indus. v County of Suffolk, 77 NY2d 761 [1991]).
[2] Moreover, plaintiff established its cause of action based on an account stated by showing that after the final charges were made to the account, defendant made a partial payment on this account, thereby acknowledging the validity of the debt (see Citibank [S.D.] v Jones, 272 AD2d 815 [2000]; Parker Chapin Flattau & Klimpl v Daelen Corp., 59 AD2d 375 [1977]).
Accordingly, the judgment is affirmed.
Adams, P.J., Ruderman and Emerson, JJ., concur.