U.S. Bank Trust, N.A v Moomey-Stevens (2020 NY Slip Op 07440)





U.S. Bank Trust, N.A v Moomey-Stevens


2020 NY Slip Op 07440


Decided on December 10, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 10, 2020

530125

[*1]U.S. Bank Trust, N.A., as Trustee, Respondent,
v
Elizabeth Moomey-Stevens, Also Known as Elizabeth Stevens, Also Known as Elizabeth Moomey, et al., Appellants, et al., Defendants.

Calendar Date: October 14, 2020

Before: Garry, P.J., Egan Jr., Lynch, Clark and Colangelo, JJ.


Sandra Poland Demars, Albany, for appellants.
Shapiro, DiCaro & Barak, LLC, Rochester (Ellis M. Oster of counsel), for respondent.



Clark, J.
Appeal from an order of the Supreme Court (Crowell, J.), entered August 7, 2019 in Saratoga County, which, after a nonjury trial, found that plaintiff had standing and appointed a referee.
In 2004, defendants Elizabeth Moomey-Stevens and David Stevens (hereinafter collectively referred to as defendants) executed a promissory note that was secured by a mortgage on certain real property in the Village of Ballston Spa, Saratoga County. In August 2017, after defendants defaulted on the note and the mortgage was assigned to plaintiff, plaintiff commenced this mortgage foreclosure action. Following joinder of issue, Supreme Court granted plaintiff's motion for summary judgment. However, upon appeal, this Court reversed the grant of summary judgment, finding that plaintiff had failed to establish, as a matter of law, that it had standing to bring the action (168 AD3d 1169 [2019]). Supreme Court thereafter conducted a nonjury trial solely on the issue of whether plaintiff had physical possession of the note at the time that the action was commenced, so as to confer standing upon it. Supreme Court ultimately concluded that plaintiff did possess the note at the time of commencement and, having determined that plaintiff had standing, referred the matter to a referee to ascertain and compute the amount due and owing. Defendants appeal, and we affirm.
To establish standing, a plaintiff must demonstrate that, at the time the action was commenced, it was the holder or assignee of the mortgage and the holder or assignee of the underlying note (see Deutsche Bank Natl. Trust Co. v DeGiorgio, 171 AD3d 1267, 1269 [2019]; JPMorgan Chase Bank, N.A. v Verderose, 154 AD3d 1198, 1200 [2017]). However, "it is not necessary to have possession of the mortgage at the time the action is commenced," as "[a] transfer in full of the [note] obligation automatically transfers the mortgage as well[,] unless the parties agree that the transferor is to retain the mortgage" (Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361 [2015]; see Everhome Mtge. Co. v Pettit, 135 AD3d 1054, 1055 [2016]). Because the note, rather than the mortgage, "is the dispositive instrument that confers standing to foreclose" (Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361), written assignment of the note or, alternatively, physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation (see BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1158 [2017]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]). "In assessing Supreme Court's resolution of the standing issue after a nonjury trial, we independently review the weight of the evidence and, while according appropriate deference to the court's credibility determinations and factual findings, determine the judgment warranted by the record" (JPMorgan Chase Bank N.A. v Futterman, 173 AD3d 1496, 1497 [2019] [citation omitted]; see HSBC Bank USA, N.A. v Corazzini, 148 AD3d 1314, 1315[*2][2017], lv dismissed 29 NY3d 1040 [2017]).
At trial, defendants' counsel stated that plaintiff had produced the original note and afforded her an opportunity to examine it. Based upon that examination, defendants' counsel stipulated that the original note was the same as the copy of the note attached to the complaint, as well as the copy offered and accepted into evidence. In addition, plaintiff presented testimony from a default servicing officer at Caliber Home Loans, Inc. — plaintiff's loan servicer on the underlying mortgage and its attorney-in-fact. As credited by Supreme Court, the default servicing officer's testimony established that, prior to and at the time that the action was commenced, Caliber maintained an electronic inventory report to track the mortgage loans it serviced and their corresponding collateral. This electronic tracking mechanism was made and maintained in the regular course of Caliber's business and the entries on the report were inputted by someone with knowledge of the transaction at or around the time of the transaction. Through the default servicing officer's testimony, plaintiff offered a redacted portion of the inventory report into evidence, which Supreme Court properly admitted over defendants' objection (see CPLR 4518 [a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 204-205 [2019]; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [2015]). The inventory report, together with testimony from the default servicing officer, demonstrated that plaintiff came into physical possession of the note in April 2016, well before the commencement of this action. Deferring to Supreme Court's credibility determinations, we find that, together, the foregoing evidence amply supports the conclusion that plaintiff had physical possession of the original note at the time this action was commenced in August 2017 and, thus, had standing to pursue the action (see JPMorgan Chase Bank N.A. v Futterman, 173 AD3d at 1497-1498; HSBC Bank USA, N.A. v Corazzini, 148 AD3d at 1315). Accordingly, as there is no basis upon which to disturb Supreme Court's determination, we affirm.
To the extent that we have not expressly addressed any of defendants' arguments, they have been reviewed and found to be lacking in merit.
Garry, P.J., Egan Jr., Lynch and Colangelo, JJ., concur.
ORDERED that the order is affirmed, with costs.