MTGLQ Invs., L.P. v Miciotta (2022 NY Slip Op 02319)

MTGLQ Invs., L.P. v Miciotta

2022 NY Slip Op 02319

Decided on April 7, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 7, 2022

532403
[*1]MTGLQ Investors, L.P., Respondent,
v
Susan M. Miciotta, Also Known as Susan Miciotta, Appellant, et al., Defendants.

Calendar Date:February 15, 2022

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and Fisher, JJ.

Susan J. Civic, Albany, for appellant.
Roach & Lin, PC, Syosset (Michael C. Manniello of counsel), for respondent.

Garry, P.J.
Appeal from an order of the Supreme Court (Crowell, J.), entered October 2, 2020, which, among other things, granted plaintiff's motion for summary judgment.
In 2003, Anthony Miciotta (hereinafter Miciotta) executed a note acknowledging his indebtedness to Charter One Bank, N.A. He and defendant Susan M. Miciotta (hereinafter defendant) executed a mortgage with Charter One placing a lien on their property to secure the note. Charter One assigned the mortgage to JPMorgan Chase Bank, N.A., which later assigned the note to Chase Home Finance, LLC. In 2009, payments toward the note ceased. Chase Home Finance commenced a foreclosure action against Miciotta and defendant (Chase Home Fin., LLC v Miciotta, 101 AD3d 1307 [2012]) that was later administratively closed. The present foreclosure action was commenced by JPMorgan, as successor by merger to Chase Home Finance, against Miciotta. In a January 2018 order, Supreme Court (Caruso, J.), among other things, granted JPMorgan's motion to amend the caption to name Federal National Mortgage Association — to which the note had been assigned — as the plaintiff, delete Miciotta as a party and explicitly name defendant as a party.[FN1] In an October 2018 order, the court, among other things, concluded that the statutory conditions precedent cited as a defense by defendant did not apply to her. Defendant did not appeal either the January 2018 or the October 2018 order.
In 2020, Federal National Mortgage Association moved for, among other things, summary judgment and to strike defendant's answer. Supreme Court (Crowell, J.), among other things, permitted amendment of the caption to substitute plaintiff (the new assignee of the note) as a party,[FN2] granted plaintiff summary judgment against defendant, struck her defenses and counterclaim and referred the action to a referee to compute the sums owed. Defendant appeals.
Defendant argues that JPMorgan lacked standing to commence this action, as the note was in the physical possession of Chase Home Finance at the time of commencement. In response to defendant's challenge regarding standing, plaintiff was required to demonstrate that its predecessor in interest — JPMorgan, the original plaintiff — was "both the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action [was] commenced" (Chase Home Fin., LLC v Miciotta, 101 AD3d at 1307 [internal quotation marks and citation omitted]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank N.A. v Carnivale, 138 AD3d 1220, 1221 [2016] [internal quotation marks and citations omitted]). Plaintiff submitted an affidavit of note possession establishing that the note was in Chase Home Finance's physical possession on the date that this action was commenced[*2]. The record also includes a certificate of merger demonstrating that Chase Home Finance merged with and into JPMorgan prior to commencement of this action. As the "Banking Law establishes that a receiving corporation in a merger holds all the same rights as each corporation merged into it" (Wells Fargo Bank, N.A. v Pauley, 172 AD3d 1559, 1561 [2019]; see Banking Law § 602), the merger obviated the need for an assignment of the note between those merged entities (see Wells Fargo Bank, N.A. v Bedell, 186 AD3d 1291, 1293 [2020]; Moxey v Payne, 167 AD3d 594, 596 [2018]; PNC Bank, N.A. v Klein, 125 AD3d 953, 955 [2015], lv dismissed 26 NY3d 1078 [2015]). Thus, at the time of commencement, possession by Chase Home Finance was synonymous with possession by JPMorgan. As defendant failed to rebut plaintiff's prima facie evidence on this issue, Supreme Court properly determined that this action was commenced by a party that had standing.
Although defendant now contends that the action should be dismissed because she was not named as a party in the initial summons and complaint (see RPAPL 1311 [1]), she did not appeal from the January 2018 order that permitted amendment of the complaint to name her as a party. In any event, "[p]arties may be added at any stage of the action by leave of court" (CPLR 1003). Supreme Court (Caruso, J.), in the January 2018 order, permitted plaintiff to name defendant as a party, finding that she was not prejudiced because she had already appeared and litigated for years in the prior and current foreclosure actions. Under the circumstances, defendant is not entitled to dismissal of the action against her based on the failure of plaintiff's predecessor to initially name her as a party.
As the October 2018 order had decided the issue of whether defendant was entitled to dismissal of the complaint based on plaintiff's or its predecessors' failure to comply with certain statutory conditions precedent, Supreme Court (Crowell, J.) properly concluded that defendant was precluded from relitigating that argument by the law of the case doctrine (see Hampton Val. Farms, Inc. v Flower & Medalie, 40 AD3d 699, 701 [2007]). Although that doctrine does not bind the Appellate Division to a prior order of Supreme Court (see Martin v City of Cohoes, 37 NY2d 162, 165 [1975]; Frontier Ins. Co. v Merritt & McKenzie, Inc., 159 AD3d 1156, 1158 [2018]), defendant's argument is not properly before this Court at this time; defendant failed to appeal the October 2018 order, and the October 2020 order on appeal does not constitute a "final judgment" that would bring up for review any prior nonfinal orders in the action (CPLR 5501 [a] [1]; see McCormack v Maloney, 148 AD3d 1268, 1268-1269 [2017]; Richard C. Reilly, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5501:3 [noting that "(t)he 'final judgment' specified in the opening language of (CPLR 5501 [a]) includes that which terminates an action"]).[FN3]
Lynch, Clark, Reynolds Fitzgerald [*3]and Fisher, JJ., concur.
ORDERED that the order is affirmed, with costs.

Footnotes

Footnote 1: Defendant was served in 2014 with the supplemental summons and complaint as a "Jane Doe" tenant of the property and had appeared and litigated in this foreclosure action for years before the January 2018 order named her a party as a mortgagor. Apparently, Miciotta had previously transferred his interest in the property to defendant as part of a divorce action, making her the sole owner.

Footnote 2: As a result of the substitution, we will address the motion as if it had been brought by plaintiff.

Footnote 3: To the extent that some of our prior foreclosure decisions have held that an order granting summary judgment to a mortgagor and appointing a referee to compute is a final order, so the subsequent entry of a judgment of foreclosure and sale did not terminate the right to appeal from that prior order (see Ditech Fin. LLC v Levine, 176 AD3d 1521, 1522 n [2019]; BAC Home Loans Servicing, LP v Uvino, 155 AD3d 1155, 1156 n 2 [2017]), such holdings should no longer be followed.