Velocity Invs., LLC v Lymon (2023 NY Slip Op 03960)

Velocity Invs., LLC v Lymon

2023 NY Slip Op 03960

Decided on July 27, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 27, 2023

535222
[*1]Velocity Investments, LLC, as Assignee of LendingClub Corporation, Respondent,
v
Aleta Lymon, Appellant.

Calendar Date:June 8, 2023

Before:Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and McShan, JJ.

M. Cabrera & Associates, PC, Goshen (William Y. Fowlkes of counsel), for appellant.
Law Offices of Steven Cohen, LLC, Bronx (Schuyler B. Kraus of Hinshaw & Culbertson LLP, New York City, of counsel) for respondent.

Pritzker, J.
Appeal from an order of the Supreme Court (Stephan G. Schick, J.), entered March 9, 2022 in Sullivan County, which granted plaintiff's motion for summary judgment.
In October 2018, defendant obtained a loan from WebBank in the amount of $8,000. LendingClub Corporation was the loan servicer on this loan. In October 2019, plaintiff, by executing an account purchase agreement, purchased a pool of accounts from LendingClub, which included defendant's account with WebBank. In January 2021, plaintiff initiated this action claiming that defendant breached the contract by defaulting in repaying the loan and owed plaintiff $7,842.11. After joinder of issue, plaintiff moved for summary judgment. Defendant opposed the motion, asserting there were questions of fact as to plaintiff's standing to bring the action and whether plaintiff is the legal owner of defendant's account. Supreme Court granted plaintiff's motion for summary judgment and issued an order in plaintiff's favor. Defendant appeals.
Defendant contends that Supreme Court erred in granting plaintiff's motion for summary judgment. We disagree. "A cause of action for breach of contract requires that the plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of the defendant to perform its obligations and damages resulting from the defendant's breach" (Daire v Sterling Ins. Co., 204 AD3d 1189, 1190 [3d Dept 2022] [internal quotation marks, brackets and citation omitted]; see Carroll v Rondout Yacht Basin, Inc., 215 AD3d 1190, 1191 [3d Dept 2023]). A plaintiff meets its prima facie burden of proof on a motion for summary judgment regarding a breach of contract action based upon a loan in default by proffering evidence of the obligation and the defendant's default (see Community Bank, N.A. v Sharkey, 182 AD3d 681, 682 [3d Dept 2020]; New York State Higher Educ. Servs. Corp. v Barry, 267 AD2d 567, 568 [3d Dept 1999]).
In support of plaintiff's motion for summary judgment, plaintiff tendered the affidavit of Alia Shaalan, plaintiff's compliance associate, which states that, in her role as compliance associate, she has personal knowledge of plaintiff's procedures for creating and maintaining business records, including those records related to purchases and assignments of consumer credit accounts. She states that when plaintiff purchased a pool of accounts from LendingClub, the purchase included the business records relating to the accounts transferred, which plaintiff then incorporated into its own business records in its ordinary course of business. Shaalan further states that defendant's account and record were purchased by plaintiff in this transaction and the records were incorporated and, based on this, it can be determined that defendant had a contract that was now in default. The bill of sale between plaintiff and LendingClub was also submitted in support of plaintiff's motion and demonstrates that LendingClub sold a pool of accounts to [*2]plaintiff. A certificate of loan sale from WebBank and LendingClub was also proffered by plaintiff, which indicates that the accounts listed, including defendant's, were loans that originated with WebBank and were serviced by LendingClub and that WebBank conveyed all right, title and interest in these loans to LendingClub subsequent to the loan being originated. It further states that LendingClub "kept and maintained business records on behalf of WebBank in the regular course of business." Additionally, Ben White, senior manager of payment solutions at LendingClub, averred in a sworn affidavit that defendant's loan was sold to plaintiff. Plaintiff also submitted the loan summary for defendant's loan, which demonstrates that the loan was issued on October 9, 2018, and that the payoff balance as of October 2019 was $7,891.20. Additionally, plaintiff proffered the truth in lending disclosure statement for this loan, which reflects that defendant's loan originated with WebBank and that LendingClub was the loan servicer. Given the foregoing, plaintiff demonstrated that defendant had obtained a loan from WebBank, which was serviced through LendingClub, and that plaintiff bought the account from LendingClub when it purchased a pool of accounts. Plaintiff also established that defendant owed a balance on the loan that was not paid prior to plaintiff's purchase of the account and that said balance remains unpaid. As such, plaintiff met its burden of establishing prima facie entitlement to summary judgment (see Community Bank, N.A. v Sharkey, 182 AD3d at 682; New York State Higher Educ. Servs. Corp. v Barry, 267 AD2d at 568).
The burden then shifted to defendant to prove that there was a material issue of fact (see Please Me, LLC v State of New York, 215 AD3d 1149, 1150 [3d Dept 2023]; EDW Drywall Constr., LLC v U.W. Marx, Inc., 189 AD3d 1720, 1721-1722 [3d Dept 2020]), which defendant failed to do. To that end, defendant failed to provide any proof that the loan was not in default or that WebBank or LendingClub were not the original owners of the loan. Although defendant argues that Shaalan's affidavit does not lay the proper foundation to admit the business records from LendingClub and WebBank, this contention is incorrect. "While the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records, such records are nonetheless admissible if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739 [3d Dept 2015] [internal quotation marks and citations omitted]; see CPLR 4518 [a]; Goldman Sachs Mtge. Co. v Mares, 166 AD3d 1126, 1127-1128 [3d Dept 2018]). Thus, although Shaalan does not have personal knowledge [*3]as to how LendingClub and WebBank maintained their business records, this is unnecessary as she was able to affirm that the records were incorporated into plaintiff's business records and relied on as part of plaintiff's regular course of business and, therefore, qualify as business records excepted from the hearsay rule(see Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2024-2025 [3d Dept 2020]; Goldman Sachs Mtge. Co. v Mares, 166 AD3d at 1128; Citibank, NA v Abrams, 144 AD3d 1212, 1216 [3d Dept 2016]). Given the foregoing, Supreme Court did not err in granting plaintiff's motion for summary judgment. The parties' remaining contentions have been reviewed and are without merit.
Garry, P.J., Egan Jr., Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the order is affirmed, with costs.