Bank of Am., N.A. v Neroni (2024 NY Slip Op 02236)

Bank of Am., N.A. v Neroni

2024 NY Slip Op 02236

Decided on April 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 25, 2024

CV-22-2220 CV-22-0630
[*1]Bank of America, N.A., Respondent,
v
Vera N. Neroni, Appellant.

Calendar Date:January 19, 2024

Before:Egan Jr., J.P., Clark, Pritzker, Fisher and Powers, JJ.

Vera N. Neroni, Delhi, appellant pro se.
Rubin & Rothman, LLC, Islandia (Eric S. Pillischer of counsel), for respondent.

Powers, J.
Appeals (1) from an order of the Supreme Court (Brian D. Burns, J.), entered October 17, 2022 in Delaware County, which, among other things, granted plaintiff's motion for summary judgment, (2) from the judgment entered thereon, (3) from an order of said court (John F. Lambert, J.), entered February 10, 2023 in Delaware County, which transferred defendant's motion to vacate, and (4) from an order of said court (Brian D. Burns, J.), entered March 7, 2023 in Delaware County, which denied defendant's motion to, among other things, reargue and/or renew.
In December 2020, plaintiff brought this breach of contract claim seeking $9,024.54, plus costs and interest, allegedly due from a consumer credit agreement defendant had entered with plaintiff. Defendant answered, denying having entered into an agreement with plaintiff, and demanded certain disclosure. Plaintiff then moved for summary judgment in its favor, and defendant cross-moved seeking, among other relief, dismissal of the complaint and to compel disclosure. In an October 2022 order, Supreme Court (Burns, J.) granted plaintiff's motion, denied defendant's cross-motion, and directed plaintiff to submit a judgment, which was subsequently entered in the amount of $9,574.54. Following this, defendant moved to vacate both the order and the ensuing judgment before Justice Lambert. In turn, Justice Lambert transferred the motion back to Justice Burns in a February 2023 order and the motion was subsequently denied in a March 2023 order. Defendant appeals from the October 2022 order, the judgment entered thereon, the February 2023 order and the March 2023 order.[FN1]
Upon the making of a motion for summary judgment, 22 NYCRR former 202.8-g required that defendant, as the nonmoving party, respond to plaintiff's statement of material facts with correspondingly numbered paragraphs specifically controverting plaintiff's assertions and those facts not controverted may be deemed admitted (see 22 NYCRR former 202.8-g [c]). However, case law is clear that "blind adherence to th[is] procedure . . . is not required if the proof does not support granting summary judgment or the circumstances otherwise warrant a departure from that procedure" (McCarthy v Town of Massena, N.Y. [Massena Mem. Hosp.], 218 AD3d 1082, 1085 [3d Dept 2023] [internal quotation marks and citations omitted]). Supreme Court indicated that defendant's failure to respond appropriately to plaintiff's statement of material facts allowed it to deem the facts admitted. In any event, the court analyzed the proof submitted by plaintiff to find that it had met its burden of establishing entitlement to summary judgment and went on to address defendant's arguments raised in opposition. This indicates that the court did not blindly adhere to this procedure and reviewed the merits of the motion independent of defendant's failure to respond as was required (cf. id.; Smith v MDA Consulting Engrs., PLLC, 210 AD3d 1448, 1449 [4th Dept 2022], lv denied 39 NY3d 910 [*2][2023]; Leberman v Instantwhip Foods, Inc., 207 AD3d 850, 851 [3d Dept 2022]).
Addressing plaintiff's motion for summary judgment, "a cause of action for breach of contract requires that plaintiff show the existence of a contract, the performance of its obligations under the contract, the failure of defendant to perform its obligations and damages resulting from defendant's breach" (GRJH, Inc. v 3680 Props., Inc., 179 AD3d 1177, 1178 [3d Dept 2020]). In support of its motion, plaintiff submitted, among other things, the certificate of merger relevant to its merger with FIA Card Services, N.A., the credit agreement in question and modifications thereto, in addition to billing statements from June 2017 to June 2020. These documents establish that defendant entered a consumer credit agreement with plaintiff in 2011 and, in so doing, she agreed to timely pay the minimum monthly amount due. Defendant then used the credit card issued by plaintiff for various purchases, including payment of overdraft protection for a checking account in her name. These statements were then sent to a post office box in defendant's name, the same one she used for the instant litigation. Defendant accrued a final debt of $9,024.54 before she ceased remitting payment to plaintiff in 2019. With this proof, plaintiff satisfied its prima facie burden in support of its motion for summary judgment by tendering evidence that defendant had accepted a credit agreement with plaintiff, which she subsequently breached by failing to make the required payments (see American Express Bank, FSB v Scali, 142 AD3d 517, 517-518 [2d Dept 2016]; Citibank [S.D.] N.A. v Sablic, 55 AD3d 651, 652 [2d Dept 2008]; Citibank v Roberts, 304 AD2d 901, 902 [3d Dept 2003]).
In opposition to plaintiff's motion and in support of her own cross-motion, defendant submitted an affirmation raising a litany of legal arguments, primarily taking issue with the admissibility of plaintiff's submissions. Despite defendant's assertion to the contrary, the credit card statements were properly relied upon by Supreme Court as these records qualify as business records introduced by way of an affirmation of an individual with personal knowledge of plaintiff's business practices (see CPLR 4518; Velocity Invs., LLC v Lymon, 218 AD3d 1091, 1094 [3d Dept 2023]; Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1423 [3d Dept 2021]). Although the affidavit provided in support of plaintiff's motion was executed in North Carolina and was submitted without a certificate of conformity, as is required by CPLR 2309 (c), this was not a fatal defect, and Supreme Court did not abuse its discretion in permitting plaintiff to remedy this defect (see CPLR 2001; Khurdayan v Kassir, 223 AD3d 590, 591 [1st Dept 2024]; American Express Natl. Bank v Hoffman, 210 AD3d 1039, 1040 [2d Dept 2022]; cf. Sul-Lowe v Hunter, 148 AD3d 1326, 1329 [3d Dept 2017]). Finally, regarding defendant's claim that summary judgment is premature because plaintiff had [*3]not responded to her request for disclosure, defendant was required to make an evidentiary showing that facts essential to opposing summary judgment might be revealed by the disclosure she seeks, which she failed to do (see CPLR 3212 [f]; LaBarge v MJB Lake LLC, 220 AD3d 1100, 1105 [3d Dept 2023]; Calcagno v Graziano, 200 AD3d 1248, 1251 [3d Dept 2021]).[FN2] Inasmuch as these assertions fail to raise a triable issue of fact in opposition to plaintiff's prima facie showing, Supreme Court properly granted plaintiff summary judgment in its favor.[FN3]
In light of defendant's cross-motion seeking to compel disclosure of, in relevant part, documents establishing "each alleged credit card charge," plaintiff supplied additional statements of the account in question. These documents further evidence defendant's ownership of this account as she had used the credit card for the purchase of airline tickets in her name in 2014 and 2016. Notwithstanding defendant's specific request for these documents, they were properly provided to the court "to address contentions raised in opposition to the motion and not to introduce new arguments in support of the motion [for summary judgment]" (Jones v Castlerick, LLC, 128 AD3d 1153, 1154 [3d Dept 2015] [internal quotation marks and citation omitted]). In any event, the proof submitted by plaintiff in support of the motion had already eliminated all material questions of fact with respect to defendant's ownership of the account, and there is no evidence that Supreme Court relied upon this proof in granting plaintiff's motion.
Finally, defendant's contentions regarding that aspect of her cross-motion seeking to amend her answer are likewise without merit. Supreme Court did not apply the incorrect standard in reviewing the motion (see generally Crosby v Crosby, 177 AD3d 1143, 1144 [3d Dept 2019]), nor did it abuse its discretion in denying the sought-after amendments as patently lacking in merit (see Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1289 [3d Dept 2009]; Marotta v Hoy, 55 AD3d 1194, 1196 [3d Dept 2008]). Defendant primarily claims that an affirmative defense of usury was not patently without merit. However, New York's usury laws do not apply to plaintiff as it is a national banking institution not located within the state (see 12 USC § 85; Madden v Midland Funding, LLC, 786 F3d 246, 250 [2d Cir 2015], cert denied 579 US 927 [2016]). Defendant's remaining contentions have been reviewed and found to lack merit.
Egan Jr., J.P., Clark, Pritzker and Fisher, JJ., concur.
ORDERED that the orders and the judgment are affirmed, without costs.

Footnotes

Footnote 1: Defendant also purports to appeal from what she calls an "Order to Refile," which directed her to make certain corrections and refile a document via the New York State Courts Electronic Filing System. This directive is not an appealable paper pursuant to CPLR 5512 and, therefore, any challenge thereto is not properly before this Court.

Footnote 2: Defendant's additional claims are similarly without merit. Plaintiff provided the certificate of merger demonstrating that it and FIA Card Services, N.A. had merged prior to commencement of this action, establishing it had standing to sue (see MTGLQ Invs., L.P. v Miciotta, 204 AD3d 1119, 1121 [3d Dept 2022]; Citibank, N.A. v Geyer, 70 Misc 3d 66, 68 [App Term, 2d Dept, 9th & 10th Jud Dists 2020]; compare CitiMortgage, Inc. v Osorio, 174 AD3d 496, 499 [2d Dept 2019]). As a national banking institution, plaintiff was not required to register to do business in New York to bring this action in its courts (see 12 USC § 24; Banking Law § 200). Finally, this claim was commenced within the time provided by the statute of limitations of both New York and North Carolina as required when a nonresident sues on a claim that accrued outside of the state (see Portfolio Recovery Assoc., LLC v King, 14 NY3d 410, 415, 418 [2010]; CPLR 202; 213 [2]; NC Gen Stat § 1-52 [1]; compare Windsearch, Inc. v Delafrange, 90 AD3d 1223, 1224 [3d Dept 2011]).
Footnote 3: As defendant notes, upon granting plaintiff summary judgment, Supreme Court incorporated language into the order purporting to strike defendant's answer. However, this language is superfluous and did not result in default judgment being entered against defendant, despite her assertion to the contrary (cf. Matter of David H. Berg & Assoc. v Weksler, 193 AD3d 612, 613 [1st Dept 2021]). Accordingly, as this argument also underlies defendant's contention that Supreme Court erred in deciding her postjudgment motion, these arguments are similarly without merit.