Federal Natl. Mtge. Assn. v Krell (2024 NY Slip Op 05168)

Federal Natl. Mtge. Assn. v Krell

2024 NY Slip Op 05168

Decided on October 17, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 17, 2024

CV-23-1072
[*1]Federal National Mortgage Association, Respondent,
v
William C. Krell et al., Appellants, et al., Defendants.

Calendar Date:September 12, 2024

Before:Egan Jr., J.P., Clark, Aarons, Reynolds Fitzgerald and Fisher, JJ.

Sandra Poland Demars, Albany, for appellants.
Friedman Vartolo LLP, New York City (Ronald P. Labeck of counsel), for respondent.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (James H. Ferreira, J.), entered May 30, 2023 in Albany County, which, among other things, granted plaintiff's motion for summary judgment.
In January 2005, defendant William C. Krell executed a promissory note in favor of Flagstar Bank, FSB. The note was secured by a mortgage executed by him and defendant Jennifer L. Krell (hereinafter collectively referred to as defendants) on real property located in Albany County. In 2010, 2014 and 2016, defendants entered into loan modification agreements, which, among other things, extended the date of maturity.[FN1] The mortgage and note were eventually transferred to plaintiff in 2014 and 2015, respectively. Defendants defaulted in 2017, and plaintiff commenced this foreclosure action in 2018. Defendants interposed an answer, raising several affirmative defenses, including standing.
In 2019, plaintiff moved for summary judgment, and Supreme Court denied the motion without prejudice. In 2022, plaintiff once again moved for summary judgment and to amend the caption of the complaint by substituting US Bank Trust National Association (hereinafter US Bank) as plaintiff. Defendants then cross-moved for summary judgment dismissing the complaint against them based on plaintiff's alleged lack of standing. Supreme Court granted plaintiff's motion for summary judgment and denied defendants' cross-motion. Defendants appeal.
"In order to establish entitlement to summary judgment in a foreclosure action, a plaintiff must produce evidence of the mortgage and unpaid note along with proof of the mortgagor[s'] default. Where, as here, a defendant raises standing as an affirmative defense, the plaintiff has the additional burden of demonstrating its standing in order to be entitled to relief" (Wilmington Sav. Fund Socy., FSB v LaFrate, 215 AD3d 1023, 1024 [3d Dept 2023] [internal quotation marks and citations omitted]; see Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 738 [3d Dept 2015]). "Because the note, rather than the mortgage, is the dispositive instrument that conveys standing to foreclose, written assignment of the note or, alternatively, physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation" (U.S. Bank Trust, N.A. v Moomey-Stevens, 189 AD3d 1790, 1791 [3d Dept 2020] [internal quotation marks and citations omitted]; see MTGLQ Invs., L.P. v Miciotta, 204 AD3d 1119, 1120-1121 [3d Dept 2022]).
In support of its motion, plaintiff submitted copies of the unpaid note endorsed in blank, the mortgage and two affidavits by loan service representatives. The affidavits, with attached documents, were from a document verification specialist of NewRez, LLC f/k/a/ New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing (hereinafter Shellpoint), the current servicer and attorney-in-fact for US Bank; and a mortgage specialist with Seterus, Inc. — plaintiff's subservicer [FN2] and attorney-in-fact.Shellpoint's document [*2]verification specialist averred that she has personal knowledge of Shellpoint's record-keeping practices and, as part of Shellpoint's regular course of business, that Shellpoint incorporated and relied upon prior servicers' records relating to defendants' note and mortgage. Based upon her review and familiarity with these records, she affirmed that the note was physically delivered to plaintiff and that plaintiff maintained possession of the note at the time of the commencement of the action. One of the documents attached to Shellpoint's representative's affidavit is Seterus, Inc.'s collateral inventory checklist acknowledging receipt of the original note in February 2015, thus demonstrating plaintiff's prima facie entitlement to summary judgment.
"The burden then shifted to defendant[s] to establish, through competent and admissible evidence, the existence of a viable defense to [their] alleged default or a material issue of fact" (Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d 2022, 2024 [3d Dept 2020] [internal quotation marks and citation omitted]). Defendants contend that the Shellpoint representative's affidavit constitutes inadmissible hearsay and lacks probative value. "The business record exception to the hearsay rule applies to a writing or record and it is the business record itself, not the foundational affidavit, that serves as proof of the matter asserted" (id. [internal quotation marks and citations omitted]). "While the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records, such records are nonetheless admissible if the recipient can establish personal knowledge of the maker's business practices and procedures, or that the records provided by the maker were incorporated into the recipient's own records or routinely relied upon by the recipient in its business" (Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739 [internal quotation marks and citations omitted]; see Velocity Invs., LLC v Lymon, 218 AD3d 1091, 1093-1094 [3d Dept 2023]). As the document verification specialist — as part of her attestation — outlined her personal familiarity with the servicer's record-keeping practices and that it incorporated and relied on prior servicers' records as part of Shellpoint's regular course of business, the documents qualify as records excepted from the hearsay rule. As Shellpoint is the servicer of defendants' note and mortgage, this serves as confirmation that plaintiff had physical possession of the original note at the commencement of the action (see Velocity Invs., LLC v Lymon, 218 AD3d at 1094; Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d at 2024-2025; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d at 739).
Next, defendants assert that the affidavit is somehow deficient in that it failed to provide details of how plaintiff came into possession of the note. "There is simply no requirement that an [*3]entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (Deutsche Bank Natl. Trust Co. v LeTennier, 189 AD3d at 2024 [internal quotation marks and citations omitted]; accord Bank of Am., N.A. v Dudkevich, 199 AD3d 628, 629 [2d Dept 2021]). As defendants failed to raise a triable issue of fact as to plaintiff's standing, Supreme Court properly granted plaintiff's motion for summary judgment and properly denied defendants' cross-motion (see Bayview Loan Servicing, LLC v Freyer, 192 AD3d 1421, 1424 [3d Dept 2021]; U.S. Bank N.A. v Ioannides, 192 AD3d 1405, 1408 [3d Dept 2021]). Defendants' remaining contention has been reviewed and is without merit.
Egan Jr., J.P., Clark, Aarons and Fisher, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The 2016 loan modification agreement was executed solely by William C. Krell.

Footnote 2: A subservicer services and administers the loan.